```
FERNANDO HERNANDEZ,        )
                           )
            Petitioner,    )
                           )
       vs.                 )            O R D E R
                           )
W. ROBERT BELL,            )
                           )
            Respondent.    )
_____)
```

**THIS MATTER** is before the Court on an initial review of the Petitioner's "Motion to Dismiss" [Doc. 1] and on the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 6].

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. On or around July 31, 2019,[1] he filed the present "Motion to Dismiss" in the United States District Court for the Eastern District of North Carolina, seeking the dismissal of his convictions in Mecklenburg County Superior Court. [Doc. 1]. On August 9, 2019, the Eastern District transferred the matter to this Court,

---

[1] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). Here, the Petitioner appears to have signed his petition on July 31, 2019. [Doc. 1 at 14]. However, the date that the petition was mailed is not clear from the record. Accordingly, the Court finds that the petition was filed on or around July 31, 2019.

where venue is proper. [Doc. 3]. The Petitioner filed his application to proceed without the prepayment of fees or costs on August 21, 2019. [Doc. 6].

## II. DISCUSSION

The Court first considers the Petitioner's request to proceed without the prepayment of costs and fees. [Doc. 6]. Based on the information provided by the Petitioner, the Court is satisfied that Petitioner does not have sufficient resources with which to pay the filing fee for this matter. Therefore, the Petitioner's Application to Proceed Without Prepaying Fees or Costs will be granted.

The Court next considers the Petitioner's "Motion to Dismiss." In his motion, the Petitioner appears to claim that the Mecklenburg County Superior Court lacked subject matter jurisdiction over him because he is a sovereign citizen who has not signed any contract or other obligation that binds him to the maritime or admiralty jurisdiction of the North Carolina courts. [See Doc. 1 at 4-8]. Such claims by *pro se* litigants are commonly used under the discredited "Sovereign Citizen" theory as attempts to avoid jurisdiction over them and their criminal convictions. See United States v. Ulloa, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments

2

lack constitutional legitimacy and therefore have no authority to regulate their behavior"). Courts considering such claims have universally determined that they are without merit. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" arguments as having "no conceivable validity in American law"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently frivolous"). Thus, the Petitioner's contention that the Mecklenburg County Superior Court lacked subject matter jurisdiction over him, thereby voiding his convictions, is completely without merit.

Nevertheless, construing the Petitioner's motion liberally, it appears that the Petitioner is asserting that his state convictions were obtained in violation of his constitutional rights. It therefore appears that the Petitioner may have intended to bring an action pursuant to 28 U.S.C. § 2254. The

Court will thus provide the Petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize this communication with the Court as an attempt to file a petition pursuant to 28 U.S.C. § 2254. See Thurston v. Maryland, 611 F. App'x 112, 113 (4th Cir. 2015) ("A district court must first give a prisoner notice and opportunity to respond before construing a mislabeled postconviction motion as an initial § 2254 petition."). The Petitioner shall be provided an opportunity to advise the Court whether he agrees or disagrees with this recharacterization of the motion.

Before making this decision, the Petitioner should consider that if the Court construes this motion as a petition brought pursuant to § 2254, it appears that this will be his first § 2254 petition, which will mean that before he can thereafter file a second or successive § 2254 petition, the Petitioner must receive certification from the United States Court of Appeals for the Fourth Circuit. Moreover, in determining whether the Petitioner agrees or disagrees with this recharacterization, he should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2254. This one-year period begins to run at the latest of:

> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

The Petitioner may respond on or before 30 days from service of this Order. If the Petitioner timely responds to this Order and does not agree to have the motion recharacterized as a petition under § 2254, he will be required to withdraw his motion. If the Petitioner fails to respond to this Order or agrees to have the motion recharacterized as a petition pursuant to § 2254 the Court will consider the motion pursuant to § 2254 and shall consider it filed as of the date the original motion was filed.

If the Petitioner agrees to have the motion considered as a petition filed pursuant to § 2254, the Court will provide a time within which an amendment to the petition, to the extent permitted by law, may be filed. In filing an

5

amended and restated petition, the Petitioner must substantially follow the form for § 2254 petitions which has been approved for use in this judicial district. See Rule 2(c), Rules Governing Section 2254 Proceedings for the United States District Courts. Accordingly, the Court will direct the Clerk of Court to send the Petitioner the appropriate petition form.

**IT IS, THEREFORE, ORDERED** that the Petitioner may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

**IT IS FURTHER ORDERED** that the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 6] is **GRANTED**.

The Clerk of Court is respectfully directed to provide the Petitioner the appropriate motion form along with a copy of this Order.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge