UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
3:19-cv-00392-MR

| | |
|---|---|
| FERNANDO HERNANDEZ, ) ) Petitioner, ) ) vs. ) ) ERIK A. HOOKS, Secretary of ) Department of Public Safety,[1] ) ) Respondent. ) ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court upon initial review of the Amended Petition for Writ of Habeas Corpus filed on January 6, 2021 pursuant to 28 U.S.C. § 2254 by Fernando Hernandez ("the Petitioner"). [Doc. 10]. Also before the Court is the Petitioner's Motion to Compel, filed on January 6, 2021. [Doc. 8].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. On or about July 31, 2019, the Petitioner filed a "Motion to Dismiss" in the Eastern District of North Carolina, seeking the dismissal of his state court convictions from Mecklenburg County, North Carolina. [Doc. 1]. Specifically, the Petitioner claimed that the Mecklenburg County Superior Court lacked subject matter jurisdiction over him because he is a sovereign citizen who has not signed any contract or other obligation that binds him to the maritime or admiralty jurisdiction of the North Carolina courts. [Doc. 1]. The matter was transferred to this Court on August 9, 2019. [Doc. 3].

On December 8, 2020, this Court entered an Order following its initial review of the Motion to Dismiss. [Doc. 7]. The Court noted that such claims by *pro se* litigants under the discredited "sovereign citizen" theory are universally considered to be without merit. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012)(finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"). However, construing the motion liberally, the Court found that the Petitioner appeared to be attempting to challenge his state convictions as violating his

constitutional rights and may have intended to bring an action pursuant to 28 U.S.C. § 2254. [Doc. 7 at 3-4].

The Court explained that it would recharacterize the Petitioner's communication as an attempt to file a petition pursuant to 28 US.C. § 2254 and provide the Petitioner with the opportunity to advise the Court within thirty (30) days whether he agreed or disagreed with the recharacterization. [Doc. 7 at 3-6]. The Court advised that if the Petitioner failed to respond to the Court's Order or agreed to have the motion recharacterized as a § 2254 petition, the Court would consider the motion pursuant to § 2254 deemed filed as of the date the original motion was filed. [Id. at 5]. If the Petitioner agreed to have the motion considered as a § 2254 petition, the Court advised that it would provide a time within which an amended petition may be filed. [Id.]

The Petitioner did not directly respond to the Court's December 8, 2020 Order to advise whether he agreed or disagreed with the Court's recharacterization of his Motion to Dismiss as a § 2254 petition. However, on January 6, 2021, the Petitioner filed an Amended Petition for Writ of Habeas Corpus, using the appropriate form pleading for § 2254 petitions. [Doc. 10]. As such, the Court will treat the filing of the Amended Petition as Petitioner's agreement to this Court's recharacterization of his initial motion

as an attempt to seek § 2254 relief and the Amended Petition will supersede his prior filing.[2]

## II. STANDARD OF REVIEW

Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). The petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)).

Alternatively, relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

---

[2] See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001)("an amended pleading ordinarily supersedes the original and renders it of no legal effect").

## III. DISCUSSION

### A. Amended Petition for Writ of Habeas Corpus

The Petitioner seeks to challenge his March 21, 2014 conviction from the Mecklenburg County Superior Court for Trafficking Schedule 1 (Principal), to which he pleaded guilty and was sentenced to imprisonment for a term of 70 to 93 months. [Doc. 10 at 1]. The Petitioner states that he sought appellate review from the North Carolina Court of Appeals in 2019, as well as post-conviction review of his judgment of conviction in state court. However, the Petitioner provides insufficient information regarding the dates or nature of the state post-conviction proceedings. [Id. at 2-5].[3]

The Petitioner attempts to raise two grounds in his petition. However, neither ground sets forth any valid claim of relief. In ground one, the Petitioner lists a series of laws and statutes but includes no facts to support any claim. [Doc. 10 at 5]. As stated in the standard of review, a claim for habeas relief pursuant to 28 U.S.C. § 2254 must be based on a state court's misapplication of <u>federal</u> law. In the narrative Petitioner attaches to his Motion he cites to many alleged violations of various North Carolina statutes.

---

[3] 28 U.S.C. § 2254 petitions have a one-year statute of limitations, which may be tolled during the pendency of a properly filed state court post-conviction action. 28 U.S.C. § 2244(d)(1)-(2). The Petitioner seeks to challenge his 2014 conviction and states that he sought post-conviction review in state court. However, because he provides insufficient information regarding the dates or nature of his post-conviction proceedings, it appears that his petition may be untimely filed.

5

Case 3:19-cv-00392-MR   Document 11   Filed 09/07/21   Page 5 of 8

[Doc. 10 at 2-4]. However, he presents no discernable federal violation, much less one that is "clearly established."

Similarly, in ground two, the Petitioner lists several legal provisions but incudes no factual allegations or description of his claim. [Doc. 10 at 7]. The Petitioner attaches various documents to his petition, including copies of pleadings from state court proceedings. However, none of these attachments appear to support or shed light on the Petitioner's claims. It is therefore impossible for the Court to discern the basis under which the Petitioner seeks relief or whether any such claims have merit.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. See also Wolfe v. Johnson, 565 F.3d 140 (4th Cir. 2009).

The Petitioner's habeas petition is deficient as it fails to specify any valid grounds for habeas relief and supporting facts. Because his claims are

vague, conclusory, and unsupported by any factual allegations, the Petitioner's habeas petition is subject to dismissal.

B.  **Motion to Compel**

On January 6, 2021, the Petitioner filed a pleading titled "Motion to Compel." [Doc. 8]. The pleading lists various statutory code provisions and legal terms. However, the pleading does not specify what relief the Petitioner seeks from the Court, nor does it set forth any factual allegations or supporting legal argument. [Doc. 8]. As such, the motion is without merit and shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus [Doc. 10] is **DISMISSED**.

2. The Petitioner's Motion to Compel [Doc. 8] is **DENIED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 474, 484 (2000).

4. The Clerk of Court is directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

Signed: September 6, 2021,

Martin Reidinger
Chief United States District Judge