# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00392-MR

| | |
|---|---|
| FERNANDO HERNANDEZ, ) | |
| Petitioner, ) | |
| vs. ) | **MEMORANDUM OF DECISION AND ORDER** |
| ERIK A. HOOKS, Secretary of ) Department of Public Safety, ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the "Objection" filed by *pro se* Petitioner Fernando Hernandez on September 20, 2021 [Doc. 13], which this Court construes as a Motion for Reconsideration.

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. On September 7, 2021, this Court entered an Order dismissing the Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and denying the Petitioner's Motion to Compel. [Doc. 11]. The Court held that the Petitioner failed to set forth any valid claim of relief in his § 2254 petition and included no facts to support any claim. [Id.]. The Petitioner also offered no support for his Motion to Compel. [Id.].

1

The Petitioner now seeks reconsideration of the Court's dismissal Order. [Doc. 13].

## II. STANDARD OF REVIEW

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60. A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by

2

adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)).  Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances."  Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## III. DISCUSSION

Neither Rule 59(e) nor Rule 60(b) affords the Petitioner with the relief he seeks in his motion.  The Petitioner appears to argue that the Court abused its discretion in dismissing his § 2254 petition. [Doc. 13].  In line with the sovereign citizen arguments previously raised in his § 2254 petition, the Petitioner argues that he has no conviction in law and requests to be granted immediate release.  [Doc. 13 at 6].

The Petitioner's motion fails to demonstrate any entitlement to relief under Rule 59 or Rule 60 to warrant this Court's reconsideration of its prior Order.  In its Order dismissing the § 2254 petition, the Court concluded that the Petitioner's claims were vague, conclusory and unsupported.  [Doc. 11]. The Petitioner set forth no valid claims of relief, presented no discernable violations of federal law, and included no factual allegations in support of his claims.  [Id.].

The Petitioner has failed to demonstrate any clear error of law that warrants this Court's reconsideration. The Petitioner has not shown the presence of limited circumstances under which a motion for reconsideration may be granted. As such, the Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion for Reconsideration [Doc. 13] is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge