**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-cv-00392-MR**

| | |
|---|---|
| **FERNANDO HERNANDEZ,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>**ERIK A. HOOKS, Secretary of** )<br>**Department of Public Safety,** )<br>)<br>Respondent. )<br>)<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Motion for Miscellaneous Relief filed by Petitioner Fernando Hernandez ("the Petitioner") on January 4, 2022 [Doc. 15].

The Petitioner is a prisoner of the State of North Carolina. On September 7, 2021, this Court entered an Order dismissing the Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Doc. 11]. The Court held that the Petitioner failed to set forth any valid claim of relief in his § 2254 petition and included no facts to support any claim. [Id.]. The Petitioner then filed a Motion for Reconsideration [Doc. 13], which this Court denied on October 26, 2021. [Doc. 14].

The Petitioner now submits a miscellaneous filing, in which, as best as can be discerned, he purports to set forth legal argument in support of his attempt to further attack his 2014 state court conviction, requests appointment of counsel, and seeks the issuance of a certificate of appealability. [Doc. 15]. However, there is no operative § 2254 petition in this matter and the Petitioner's miscellaneous filing is wholly without merit.

The Petitioner demonstrates no entitlement to the appointment of counsel, as there is no constitutional right to the appointment of counsel in a post-conviction proceeding. See Crowe v. United States, 175 F.2d 799 (4th Cir. 1949); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 589 (1987).

The Petitioner also sets forth no sufficient basis to support the issuance of a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Rule 11(a), Rules Governing Section 2254 Cases. A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Miscellaneous Relief [Doc. 15] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge